# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

v.

Maurice Holloway

April 8, 2016

Case Nos. (Criminal) CR15-1130-00 to 15-1130-05

BY JUDGE JOHN W. BROWN

This matter is before the Court on the defendant's motion for severance of offenses, seeking separate trials for three offense dates on which the defendant allegedly committed three counts of grand larceny and three counts of larceny with the intent to sell or distribute. The Commonwealth opposes severance. The Court, having conducted a thorough review of the authorities submitted by counsel, as well as their arguments in court and on brief, makes the following rulings.

The defendant allegedly stole cartons of cigarettes from the "employee only" area of a 7-Eleven store on three occasions. All of the offenses took place at the same store, where the defendant and codefendant are allegedly shown on video engaging in the same pattern of behavior to obtain the cigarettes from the back of the store. The codefendant is allegedly only visible in the videos of the second and third offenses, but the defendant is visible in all three.

In the absence of consent, the Commonwealth may join offenses pursuant to Rule 3A:6(b) if such offenses are part of the same transaction or part of a common scheme or plan and "justice does not require separate trials" under Rule 3A:10(c). *E.g., Cheng v. Commonwealth*, 240 Va. 26, 33 (1990).

> The term "common scheme" describes crimes that share features idiosyncratic in character, which permit an inference that each individual offense was committed by the same person

or persons as part of a pattern of criminal activity involving certain identified crimes. . . .

In contrast, the term "common plan" describes crimes that are related to one another for the purpose of accomplishing a particular goal.

*Scott v. Commonwealth*, 274 Va. 636, 645 (2007).

The Supreme Court of Virginia, in *Scott*, held that there was insufficient evidence to establish that the offenses at issue were part of a common scheme or plan. *Id.* at 646. The offenses occurred "during a period of about four months in the same large city, various individuals who were alone outside their homes were robbed during the late evening hours, and . . . the robber displayed a gun, usually threatening the victims with harm or actually striking them, and demanded from the victims money, credit cards and, in some cases, their PINs." *Id.*

> The absence of idiosyncratic features in the present record leaves a record showing only separate crimes of the same type that share features that are likely similar to numerous other robbery offenses. Notably, the present record does not indicate the relative location of each robbery to the other robberies committed, and thus fails to show that the robberies were committed in any particular neighborhood or area of this large city. The record also fails to show that a weapon of the same description was used in the commission of the crimes, that the robber made unusual threatening remarks, or that the robber chose victims only of a certain gender or age group. We cite these various factors, not as requirements of a "common scheme," but merely to illustrate that the possible range of idiosyncratic features that may establish a "common scheme" is very broad, and that no such idiosyncratic features were common incidents of all the present offenses.

*Id.* at 647. The instant defendant attempts to analogize *Scott* to the case at bar.

By contrast, however, the offenses in the instant case involved the same victim (7-Eleven store and manager), the same *modus operandi* (down to the defendant's use of the store ATM), use of the same vehicle, the same evidence (including video), and the same witnesses. All of the offenses occurred within a period of eight months. The offenses display "idiosyncratic features permitting an inference of a pattern of criminal activity committed by the same person." *Scott*, 274 Va. at 646. "The question whether an accused, pursuant to Rule 3A:10(c), can be tried in a single trial for all offenses then pending against that defendant is a matter resting within a trial court's sound discretion." *Commonwealth v. Minor,*

267 Va. 166, 172 (2004). The offenses are part of a common scheme, and the Court, in its discretion, therefore, denies the defendant's motion to sever the charges. *See, e.g., Kinnard v. Commonwealth*, 2008 Va. App. LEXIS 340, at *7–8 (2008) (justice did not require severance, where three businesses, located in close proximity, were burglarized, for cash registers and parts thereof, during a period of six days, using the same method of entry).